Kelsey Whalen; AZ Bar No. 037043
Amanda Kuklinski; AZ Bar No. 035676
**WEILER LAW PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
akuklinski@weilerlaw.com

Attorneys for Plaintiff
Sean Wurm

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Sean Wurm**, an Arizona resident;<br><br>  Plaintiff,<br><br>  v.<br><br>**PPG Architectural Finishes, Inc.**, a Delaware corporation; and **PPG Industries, Inc.**, a Pennsylvania corporation;<br><br>  Defendant. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Sean Wurm ("**Plaintiff**") for his complaint against Defendants PPG Architectural Finishes, Inc. and PPG Industries, Inc. ("**Defendants**") hereby alleges as follows:

## PARTIES

1. Plaintiff is, and at all times relevant hereto was, a resident of Maricopa County, Arizona.

2. Upon information and belief, PPG Architectural Finishes, Inc. is a Delaware corporation which is registered to conduct business and is currently doing business in the State of Arizona.

Doc ID: 73c374f14743919a88d2c24a51b3511c8dbd09af

3. Upon information and belief, PPG Industries, Inc. is a Pennsylvania corporation which is registered to conduct business and is currently doing business in the State of Arizona.

## JURISDICTION AND VENUE

4. All acts complained of herein occurred in Phoenix, Arizona, and this Court has jurisdiction over the parties and subject matter set forth in this Complaint pursuant to the Americans with Disabilities Act and the ADA Amendments Act (collectively referred to as "**ADA**"), 42 U.S.C. 12101, *et seq.*,

5. This Court has federal question subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 in that the claims set forth in this Complaint arise under federal law.

6. The employment practices alleged to be unlawful were committed within, and had their primary effect in, the jurisdiction of the United States District Court for the District of Arizona.

7. Plaintiff was, at all relevant times, an employee of Defendants within the meaning of the ADA.

8. At all relevant times, Defendants have continuously been an employer within the meaning of the ADA.

9. Personal jurisdiction in this Court is proper.

10. Venue in this Court is proper.

11. On or about November 4, 2022, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC").

12. On May 30, 2023, the EEOC issued a Right to Sue letter.

13. Plaintiff received the Right to Sue letter on May 30, 2023.

14. This complaint is brought within 90 days of Plaintiff's receipt of the EEOC's Right to Sue letter.

15. Plaintiff has exhausted all administrative remedies.

## FACTUAL ALLEGATIONS

16. Defendants are engaged in the business of manufacturing, distributing, and supplying paints, coatings, optical products, and specialty materials.

17. Plaintiff commenced employment with Defendants in approximately August 2017.

18. Plaintiff has a diagnosis of type 1 diabetes.

19. Plaintiff's diabetes is a physical impairment which substantially interferes with one or more major life activity.

20. Specifically, Plaintiff's diabetes limits the functioning of his endocrine system.

21. When Plaintiff's blood sugar is severely low, Plaintiff can go into diabetic shock resulting in unconsciousness.

22. On or about June 1, 2022, Plaintiff was promoted from Territory Manager to Corporate Account Manager.

23. On or about May 13, 2022, (while still working as a Territory Manager) Plaintiff went into diabetic shock while driving to an account, causing Plaintiff to black out and hit a stationary object.

24. Neither Plaintiff nor any others were injured.

25. Plaintiff did not receive a citation for this incident and promptly reported it

to Defendant.

26. Both the police report and Plaintiff's internal report to Defendants indicate that the accident was caused by Plaintiff's diabetes.

27. Plaintiff had two prior car accidents while working for Defendants: one on May 25, 2021, and another in 2018.

28. Plaintiff promptly reported both accidents.

29. In July 2022, approximately two months after his final accident, Plaintiff's supervisor, Daniel Stowell instructed Plaintiff to turn in his company car while PPG determined if any medical information was necessary to prove Plaintiff was safe to drive.

30. Defendants never requested medical documentation.

31. Defendants never requested Plaintiff complete a fitness for duty evaluation.

32. On August 30, 2022, Mr. Stowell and Regional Human Resources Manager Michael Kitele terminated Plaintiff's employment via phone call, claiming Plaintiff was considered a "high-risk driver."

33. Plaintiff repeatedly reminded Mr. Stowell and Mr. Kitele that his May 2022 accident was due to his diabetes, and Mr. Kitele continued to assert that the company was terminating his employment because he was considered high risk.

34. According to Defendants' Motor Vehicle Driver Safety Program Global Requirements Policy, an employee is considered "high risk" if they have three or more unrelated collisions and/or moving violations in three years, or if they have two unrelated collisions or moving violations in six months.

35. Plaintiff does not meet the definition of high-risk driver under Defendants' policy.

Doc ID: 73c374f14743919a88d2c24a51b3511c8dbd09af

36. Defendants terminated Plaintiff's employment because of his disability-related accident.

## COUNT I
## DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT

37. Plaintiff reasserts and realleges each and every allegation in this complaint as if fully set forth herein.

38. Plaintiff satisfied his administrative exhaustion requirements by filing a disability discrimination charge with the EEOC and filing this complaint within 90 days of receiving his Right to Sue letter.

39. The ADA prohibits discrimination against a qualified individual with a disability in regard to terms, conditions and privileges of employment.

40. Plaintiff has a physical impairment that substantially limits a major life activity.

41. In the alternative, the length of time during which Plaintiff has experienced symptoms, from which he will continue to suffer, constitutes a record of impairment.

42. In the alternative, Plaintiff was regarded as having a disability under the ADA.

43. Plaintiff is diagnosed with type 1 diabetes, which constitutes a disability as defined by the ADA.

44. Plaintiff was qualified to perform the essential duties of his position.

45. Upon information and belief, Defendants treated Plaintiff disparately as compared to other similarly situated non-disabled employees because of his disability.

46. Defendants discriminated against Plaintiff by terminating him due to his disability. Such termination constitutes adverse employment action as contemplated by

Doc ID: 73c374f14743919a88d2c24a51b3511c8dbd09af

the ADA.

47. As a direct, intentional, and willful consequence of such illegal conduct, Plaintiff suffered adverse employment actions including, inter alia, termination of employment.

48. Defendants' actions were with malice or reckless indifference to Plaintiff's rights under the ADA.

49. As a result, Plaintiff has been damaged in an amount to be proven at trial.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

A. For the Court to declare and find that the Defendants' actions violated Plaintiff's rights under the ADA;

B. For the Court to award damages for all counts in an amount to be proven at trial;

C. For the Court to award compensatory and punitive damages in an amount to be proven at trial; and;

D. For the Court to award reasonable attorneys' fees and other expenses under the ADA pursuant to 42 U.S.C. § 12205;

E. For the Court to award lost wages including back pay and front pay;

F. For the Court to award pre- and post-judgment interest;

G. Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED August 17, 2023.

**WEILER LAW PLLC**

By: <u>/s/ Kelsey Whalen</u>
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2023, I electronically transmitted the foregoing document to the United States District Court, District of Arizona, Court Clerk, using the CM/ECF System. All counsel of record are registrants and are therefore served via this filing and transmittal.

By: <u>/s/ Ashley Peschke</u>

Doc ID: 73c374f14743919a88d2c24a51b3511c8dbd09af

**VERIFICATION**

Plaintiff Sean Wurm declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

*Sean Wurm*
Sean Wurm

Doc ID: 73c374f14743919a88d2c24a51b3511c8dbd09af